Filed 3/26/15  P. v. Navas CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C075401 |
| Plaintiff and Respondent, | (Super. Ct. No. 97F07686) |
| v. | |
| JOSE FRANCISCO NAVAS, | |
| Defendant and Appellant. | |

Defendant Jose Francisco Navas appeals from the trial court's denial of his petition for resentencing pursuant to Penal Code section 1170.126.[1]  He contends the trial court erred in finding him ineligible for resentencing based on facts that were not pled or proved and that the finding that he was armed during the offense required a tethering offense.  We shall affirm the trial court's order.

---

[1] Undesignated statutory references are to the Penal Code.

1

BACKGROUND

We take the facts of defendant's current crime from our opinion affirming his conviction. (See *People v. Guilford* (2014) 228 Cal.App.4th 651, 660-661 [prior appellate opinion admissible to prove ineligibility in section 1170.126 proceeding].) In September 1997, Gregory Bowen walked up to the drive-through window of a fast-food restaurant to place an order. At about the same time, a truck driven by defendant pulled up to the window. Defendant got out of the truck, grabbed Bowen by the neck, put a gun to his head, and demanded an apology. Defendant quickly returned to his truck and left. Workers at the fast-food restaurant were able to write down part of the license plate number on defendant's truck, and the police went to the address where the truck was registered. When the police arrived, defendant was walking out of the house. When defendant surrendered to police he had a pocket full of .45 caliber bullets and a search of the home produced a .45 caliber semi-automatic pistol and a loaded sawed-off shotgun.

Defendant pleaded guilty to felon in possession of a firearm (former § 12021, subd. (a)) and admitted two prior strikes. As part of the plea agreement, the prosecution agreed to dismiss additional weapons charges as well as an assault with a firearm charge (§ 245, subd. (b)) with a *People v. Harvey* (1979) 25 Cal.3d 754 waiver. The trial court denied defendant's motion to dismiss one or more of the prior strikes and sentenced him to 25 years to life. We affirmed the conviction in November 1999.

Defendant filed a petition for resentencing pursuant to section 1170.126 in November 2012. Following additional briefing and a hearing, the trial court denied the petition, finding defendant was ineligible for resentencing because he was armed during the commission of his current offense.

DISCUSSION

I

*Whether Disqualifying Factors Must be Pled and Proved*

Defendant contends he could not be found ineligible for resentencing under section 1170.126 because it was never pled and proved that he was armed in the commission of his crime. We disagree.

Section 1170.126 allows defendants serving a life term for a third strike to petition for resentencing. (§ 1170.126, subd. (b).) Eligibility for resentencing is initially limited to defendants serving life terms for felonies that are neither serious nor violent. (§ 1170.126, subd. (e)(1).) Other factors can render a defendant ineligible for resentencing. One of the disqualifying factors, as cross-referenced in section 1170.126, subdivision (e)(2), renders an offense ineligible for recall of sentence if "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§ 667, subd. (e)(2)(C)(iii).)

Defendant argues this provision must be read with the changes to the three strikes law enacted with section 1170.126 as part of Proposition 36. Following Proposition 36, a defendant generally is not subject to a three strikes sentence if the current offense is not a serious or violent felony. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).) However, a defendant is eligible for a three strikes sentence even if the current offense is not serious nor violent, if the prosecution "pleads and proves" that "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§ 667, subd. (e)(2)(C)(iii); see also § 1170.12, subd. (c)(2)(C)(iii).)

According to defendant, the pleading and proof requirement of these provisions must also apply to the armed with a deadly weapon exception to eligibility for resentencing under section 1170.126. His interpretation is based, ostensibly, on the plain

3

language of section 1170.126 (*People v. Leiva* (2013) 56 Cal.4th 498, 506-507), the principle of statutory construction that courts should construe ambiguities in penal statutes to avoid constitutional problems (*ibid.*), that remedial statutes should be liberally construed (*Estate of Stoker* (2011) 193 Cal.App.4th 236, 242), and the rule of lenity (*In re M.M.* (2012) 54 Cal.4th 530, 545).

Defendant's interpretation of Proposition 36 has been previously rejected by two panels of this court (*People v. Elder* (2014) 227 Cal.App.4th 1308, 1311 (*Elder*); *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1333-1336), as well as every other court of appeal to consider it.  (See *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1033 (*Osuna*); *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1058; *People v. White* (2014) 223 Cal.App.4th 512, 526-527.)  These cases find that the omission of a pleading and proof requirement in section 1170.126 by the drafters of Proposition 36 was intentional and resolves the question, rendering superfluous any other principles of statutory construction.  (See *Elder*, at pp. 1314-1315.)  Defendant does not give us good reason to depart from these decisions.  We agree with the uniform authority rejecting defendant's claim, and find there is no pleading and proof requirement for a fact used to exclude a defendant from section 1170.126 resentencing.

II

*Whether Disqualification Requires a "Tethering" Felony*

Defendant also contends the trial court erred in excluding him from resentencing because exclusion is mandated "only where there is a separate, 'tethering' felony in which the defendant is armed with a firearm."  Relying on cases addressing the application of firearm enhancements, defendant finds that this "tethering" crime cannot be a weapon possession offense.

This claim has been rejected by both appellate panels that considered it (*Elder, supra*, 227 Cal.App.4th at pp. 1312-1314; *Osuna, supra*, 225 Cal.App.4th at p. 1032), while two other courts of appeal have held that felon in possession is subject exclusion

4

from section 1170.126 resentencing when the defendant was armed during the offense. (*People v. Blakely, supra*, 225 Cal.App.4th at p. 1054; *People v. White, supra*, 223 Cal.App.4th at p. 524.)

Defendant's contention is based primarily on language found in former section 12022, which provided an enhancement for being armed with a firearm or personally using a deadly weapon "in the commission or attempted commission of a felony." (former § 12022, subd. (a)(1), see also subd. (b)(1).) *Osuna*, which addressed ineligibility based on being armed during the commission of felon in possession of a firearm (*Osuna, supra*, 225 Cal.App.4th at pp. 1027-1036), illustrates why defendant's contention must fail. "[D]efendant was armed with a [deadly weapon] *during* his possession of the gun, but not 'in the commission' of his crime of possession. There was no facilitative nexus; his having the firearm available for use did not further his illegal possession of it. There was, however, a temporal nexus. Since the Act uses the phrase '[d]uring the commission of the current offense,' and not in the commission of the current offense [citations], and since at issue is not the imposition of additional punishment but rather eligibility for reduced punishment, we conclude the literal language of the Act disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm." (*Id.* at p. 1032.)

We find this and the reasoning of the other cases implicitly or explicitly rejecting defendant's contention to be persuasive. Applying these decisions, we find the armed exclusion can apply to felon in possession of a firearm.

DISPOSITION

The order denying defendant's resentencing petition is affirmed.


                                                     RENNER        , J.


We concur:


        RAYE         , P. J.


        HULL         , J.